Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME WARRANTY OF AMERICA, INC.<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>**6:25-cv-1331**<br><br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

1.   Chet Michael Wilson ("Plaintiff") brings this class action against Home Warranty of America, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.   Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.   Furthermore, the Defendant violates the TCPA by making telemarketing calls to numbers on the National Do Not Call Registry.

**Jurisdiction and Venue**

4.   This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28

Complaint

U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this District and therefore a substantial portion of the events giving rise to this action occurred in this District.

6. Defendant directed calls to Plaintiff's cellular telephone into this district as well as calls to a number on the National Do Not Call Registry.

**Parties**

7. Plaintiff is a natural person who resides in Oregon in this District, residing in Lane County.

8. Defendant is a corporation that resides in Bedminster, Somerset County, New Jersey.

**Background**

9. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

10. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

Complaint

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. Id. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

11.     The TCPA also prohibits initiating any call, other than for emergency purposes or with prior express consent, using an artificial or prerecorded voice to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

12.     The TCPA provides statutory damages of $500 per violation, trebled to $1,500 for willful or knowing violations, and injunctive relief to halt ongoing misconduct. 47 U.S.C. § 227(b)(3), (c)(5).

## FACTUAL ALLEGATIONS

13.     Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

14. Plaintiff uses, and at all times for at least five years used, telephone number (541) XXX-9999 as his personal residential telephone number.

15. Plaintiff does not use, and at no time has he used, telephone number (541) XXX-9999 for business or commercial purposes.

16. The Plaintiff uses that number for personal and household purposes.

17. Plaintiff does not have a landline telephone number in his home.

18. Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

19. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

20. Plaintiff is not reimbursed by a business for his cell phone plan.

21. Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

22. Defendant placed two calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

23. Defendant used an artificial or prerecorded voice in connection with the calls it placed.

24. On July 1, 2025 Defendant called Plaintiff from (402) 252-1901 and left the following voicemail:

> I have some additional discounts on a quote you've received. I'm also here to answer any questions you may have about the home warranty. Give me a call back when you can. I can be reached at 201-581-6573 and my extension is 6316. Thank you.

Complaint

25.  On July 7, 2025, Defendant called Plaintiff from (848) 668-4224 and left another prerecorded voicemail.

26. A transcript of the pre-recorded voicemail message is below:



27. Given the generic nature of the messages, the content of the messages, and the request to "press 1", the call delivered to telephone number (541) XXX-9999 was pre-recorded in nature.

28. Indeed, it would be illogical for a human to call someone and then tell them to press "one," as humans obviously have no ability to interpret touch tones.

29. Plaintiff does not have, nor did he have, an account with Defendant.

30. Plaintiff does not, nor did he ever, do business with Defendant.

31. Plaintiff did not provide his telephone number to Defendant.

32. Plaintiff did not provide Defendant with consent to place the calls, in connection with which it used an artificial or prerecorded voice.

33. Defendant placed the subject calls to (541) XXX-9999 under its own free will.

34. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to (541) XXX-9999.

Complaint

35. The calls were placed to Plaintiff's telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered telephone number (541) XXX-9999 with the DNC Registry.

36. The subject calls were intended for someone other than, and unknown to, Plaintiff.

37. The purpose of the subject calls was to advertise and market Defendant's business or services.

38. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing calls to telephone number (541) XXX-9999.

39. Plaintiff did not request information or promotional materials from Defendant.

40. Plaintiff suffered actual harm as a result of the subject calls, in connection with which it used an artificial or prerecorded voice, as well as the calls themselves, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service absent prior express consent.

42. Additionally, upon information and good faith belief, Defendant, as a matter of pattern and practice, calls numbers listed on the National Do Not Call Registry.

## Class Action Allegations

43. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and Oregon Local Rule 23-2 and as a representative of the following classes (the "Classes"):

> **Pre-Recorded Call Class:** All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who is a customer of Defendant or in collections with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

**Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

44. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

45. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

46. The exact number of members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

47. The classes are ascertainable because they are defined by reference to objective criteria.

48. In addition, the members of the classes are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

49. Plaintiff's claims are typical of the claims of the members of the classes.

50. As it did for all members of the classes, Defendant delivered, or caused to be delivered, solicitation calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry, as well as prerecorded calls.

51. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

52. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

53. Plaintiff suffered the same injuries as the members of the classes.

54. Plaintiff will fairly and adequately protect the interests of the members of the classes.

55. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

56. Plaintiff will vigorously pursue the claims of the members of the classes.

57. Plaintiff has retained counsel experienced and competent in class action litigation.

58. Plaintiff's counsel will vigorously pursue this matter.

59. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

60. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

61. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice;

   c. Defendant's practice of calling telephone numbers already registered on the DNC Registry for more than 30 days;

   d. The availability of statutory penalties.

62. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

Complaint

63. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

64. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

65. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

66. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

67. The damages suffered by the individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

68. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

69. There will be no extraordinary difficulty in the management of this action as a class action.

70. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-70.

Complaint

72. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

73. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(c)(5)

74. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-70.

75. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

76. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

77. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

78. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were

Complaint

10

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

79. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

80. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the Classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as Class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1);

e) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

f) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation calls to telephone numbers registered with the DNC Registry for at least thirty days, or using a prerecorded voice;

g) Awarding Plaintiff and the members of the Classes damages under both subsections of the TCPA;

h) Awarding Plaintiff and the members of the Classes treble damages under both subsections of the TPCA;

i) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

j) Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: July 28, 2025

                                                     s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Lead Attorney for Plaintiff and the Proposed Class*